**IN THE COURT OF APPEALS OF IOWA**

No. 19-0289
Filed June 5, 2019

**IN THE INTEREST OF N.K. and D.E.,**
**Minor Children,**

**M.K., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

The mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Jean Capdevila, Davenport, guardian ad litem for minor children.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**VOGEL, Chief Judge.**

The Iowa Department of Human Services (DHS) became involved with this family in July 2017, after receiving reports of the mother using drugs in the presence of her younger child, D.E., born in March 2016. The mother has a history of substance abuse and tested positive for methamphetamine in August 2018. However, she refused to comply with offered inpatient or outpatient treatment throughout DHS's involvement. The State petitioned for termination of the mother's parental rights, asserting the mother continued to use drugs, failed to comply with substance-abuse treatment, was homeless, and failed to prioritize her children's needs. In February 2019, the district court terminated the mother's parental rights to both N.K., born in January 2008, and D.E. The mother now appeals, arguing the State failed to prove by clear and convincing evidence that grounds for termination exist under Iowa Code section 232.116(1)(d), (e), (f), (h), and (*l*) (2018) and termination was not in the best interests of the children.

Our review of termination proceedings is de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The mother first argues the State failed to prove any of the grounds for termination by clear and convincing evidence. However, the mother actually concedes to the statutory grounds under Iowa Code section 232.116(1)(f)[1]

---

[1] Paragraph (f) provides termination is warranted if,

The court finds that all of the following have occurred:
(1) The child is four years of age or older.
(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
(3) The child has been removed from the physical custody of the child's parents for at least twelve months of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

for N.K. and Iowa Code section 232.116(1)(h)[2] for D.E. by admitting she required additional time before the children could be returned to her. At the termination hearing, she stated she was not ready to resume care and acknowledged she had substance-abuse and mental-health issues to address. She opined both at trial and in her brief on appeal that she needs additional time before the children can be returned to her. Based on the record[3] and the mother's admissions that the children could not have been returned to her at the time of the termination hearing, we find the State has met its burden of proving grounds for termination under both Iowa Code section 232.116(1)(f) as to N.K. and Iowa Code section 232.116(1)(h) as to D.E. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

---

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(f).

[2] Paragraph (h) provides termination is warranted if,

The court finds that all of the following have occurred:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

[3] The mother does not dispute that N.K. is older than four years, D.E. is three years old, both were adjudicated as children in need of assistance, and both have been removed from the mother's custody for more than twelve consecutive months. Iowa Code § 232.116(1)(f)(1)–(3), (h)(1)–(3).

The mother also asserts termination is not in the best interests of the children because severing her bond with them "can cause long term damage to the children's mental and emotional health." *See* Iowa Code § 232.116(2), (3). "In considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *Id.* § 232.116(2). The mother admits that she has not addressed her substance-abuse and mental-health issues and that anxiety and "underlying issues" have even impeded her ability to take advantage of visits with the children. Moreover, she acknowledges the children are doing well placed with a family member. Because the children's safety and need for a permanent home are "defining elements" for the best-interests determination, we find termination is appropriate. *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., specially concurring).

**AFFIRMED.**